## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.

PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

     v.

GUARANTY BANCORP, EDWARD B. CORDES, JOHN M. EGGEMEYER, KEITH R. FINGER, STEPHEN D. JOYCE, GAIL H. KLAPPER, STEPHEN G. MCCONAHEY, PAUL W. TAYLOR, W. KIRK WYCOFF, SUZANNE R. BRENNAN, and INDEPENDENT BANK GROUP, INC.

Defendants.

_____

## COMPLAINT FOR VIOLATION OF
## THE SECURITIES EXCHANGE ACT OF 1934
_____

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.    This action stems from a proposed transaction announced on May 22, 2018 (the "Proposed Transaction"), pursuant to which Guaranty Bancorp ("Guaranty" or the "Company") will be acquired by Independent Bank Group, Inc. ("Independent").

2.    On May 22, 2018, Guaranty's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Independent.  Pursuant to the terms of the Merger Agreement, if the merger is

completed, Guaranty stockholders will receive 0.45 shares of Independent common stock for each share of Guaranty common stock they own.

3.     On August 16, 2018, defendants filed a proxy statement/prospectus (the "Prospectus") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Prospectus, which scheduled a special meeting of stockholders for September 25, 2018, omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the

owner of Guaranty common stock.

9.      Defendant Guaranty is a Delaware corporation and maintains its principal executive offices at 1331 Seventeenth Street, Suite 200, Denver, Colorado 80202. Guaranty's common stock is traded on the NasdaqGS under the ticker symbol "GBNK."

10.     Defendant Edward B. Cordes ("Cordes") is the Chairman of the Board of Guaranty.

11.     Defendant John M. Eggemeyer ("Eggemeyer") is a director of Guaranty.

12.     Defendant Keith R. Finger ("Finger") is a director of Guaranty.

13.     Defendant Stephen D. Joyce ("Joyce") is a director of Guaranty.

14.     Defendant Gail H. Klapper ("Klapper") is a director of Guaranty.

15.     Defendant Stephen G. McConahey ("McConahey") is a director of Guaranty.

16.     Defendant Paul W. Taylor ("Taylor") is President, Chief Executive Officer ("CEO") and a director of Guaranty.

17.     Defendant W. Kirk Wycoff ("Wycoff") is a director of Guaranty.

18.     Defendant Suzanne R. Brennan ("Brennan") is a director of Guaranty.

19.     The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20.     Defendant Independent is a Texas corporation with its principal executive offices located at 1600 Redbud Boulevard, Suite 400, McKinney, Texas 75069.  Independent is the bank holding company for Independent Bank.  Independent's common stock is traded on the NasdaqGS under the ticker symbol "IBTX."

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of himself and the other public

stockholders of Guaranty (the "Class").  Excluded from the Class are defendants herein and any

person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.    This action is properly maintainable as a class action. The Class is so numerous that

joinder of all members is impracticable.  As of May 22, 2018, there were approximately 29,309,988

shares of Guaranty common stock outstanding, held by hundreds, if not thousands, of individuals

and entities scattered throughout the country.

23.    Questions of law and fact are common to the Class, including, among others: (i)

whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm

plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.    Plaintiff is committed to prosecuting this action and has retained competent counsel

experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other

members of the Class and plaintiff has the same interests as the other members of the Class.

Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately

protect the interests of the Class.

25.    The prosecution of separate actions by individual members of the Class would

create the risk of inconsistent or varying adjudications that would establish incompatible standards

of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the

interests of individual members of the Class who are not parties to the adjudications or would

substantially impair or impede those non-party Class members' ability to protect their interests.

26.    Defendants have acted, or refused to act, on grounds generally applicable to the

Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on

behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company and the Proposed Transaction**

27.     Guaranty is a financial services company that operates as the bank holding company for Guaranty Bank and Trust Company, a premier Colorado community bank.

28.     Guaranty Bank and Trust Company provides comprehensive financial solutions to consumers and small to medium-sized businesses that value local and personalized service.

29.     In addition to loans and depository services, Guaranty Bank and Trust Company also offers wealth management solutions, including trust and investment management services through its subsidiary registered investment advisory firm.

30.     On May 22, 2018, Guaranty's Board caused the Company to enter into the Merger Agreement with Independent.

31.     Pursuant to the terms of the Merger Agreement, if the merger is completed, Guaranty stockholders will receive 0.45 shares of Independent common stock for each share of Guaranty common stock they own.

32.     According to the press release announcing the Proposed Transaction:

Independent Bank Group, Inc. (NASDAQ:IBTX), the holding company for Independent Bank, and Guaranty Bancorp (NASDAQ:GBNK), the holding company for Guaranty Bank and Trust Company, today jointly announced the signing of a definitive merger agreement pursuant to which Guaranty Bancorp will merge with and into Independent Bank.

Guaranty Bancorp, through Guaranty Bank and Trust Company, operates from its main office in Denver with 32 branches strategically located along the Colorado Front Range, including 14 locations in the Denver metropolitan area.  As of March 31, 2018, Guaranty Bancorp, on a consolidated basis, reported total assets of $3.7 billion, total deposits of $3.0 billion, and total tangible common equity of $324.8 million. . . .

Under the terms of the merger agreement, shareholders of Guaranty Bancorp will

receive 0.45 shares of IBTX common stock for each share of GBNK common stock. The aggregate consideration is valued at approximately $1.0 billion, or approximately $35.37 per GBNK share, based on the closing price of IBTX common stock of $78.60 on May 21, 2018. Independent Bank Group expects the acquisition to be ~6.5% accretive to earnings per common share in 2020, and ~4.7% dilutive to tangible book value per share at closing with an earnback period of 3.1 years.

Upon consummation of the transaction, Mr. Taylor and Edward B. Cordes, Guaranty Bancorp's Chairman of the Board, will join the Board of Directors of Independent Bank Group. Michael B. Hobbs, President of Guaranty Bank and Trust Company, has entered into an employment agreement with Independent Bank and will serve as Colorado Market CEO upon closing.

The transaction has been approved by the Boards of Directors of both companies and is currently expected to close during the fourth quarter of 2018. The transaction is subject to customary conditions, including the approval by shareholders of Guaranty Bancorp and Independent Bank Group, and customary regulatory approvals.

Independent Bank Group received a fairness opinion from Stephens Inc. in connection with the transaction and was represented by Wachtell, Lipton, Rosen & Katz as legal counsel. Guaranty Bancorp was advised by Keefe, Bruyette & Woods, Inc. as financial advisor and was represented by Shapiro Bieging Barber Otteson LLP as legal counsel.

**The Prospectus Omits Material Information, Rendering It False and Misleading**

33.     Defendants filed the Prospectus with the SEC in connection with the Proposed Transaction.

34.     The Prospectus, which scheduled a special meeting of stockholders for September 25, 2018, omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading.

35.     The Prospectus omits material information regarding the Company's and Independent's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Keefe, Bruyette & Woods, Inc. ("KBW").

36.     With respect to KBW's *Guaranty Discounted Cash Flow Analysis*, the Prospectus fails to disclose: (i) "the estimated excess cash flows that Guaranty could generate over the period from March 31, 2018 through December 31, 2022 as a stand alone company"; (ii) Guaranty's implied terminal value; and (iii) the inputs and assumptions underlying the discount rates used by KBW in the analysis.

37.     With respect to KBW's *Independent Discounted Cash Flow Analysis*, the Prospectus fails to disclose: (i) "the estimated excess cash flows that Independent could generate over the period from March 31, 2018 through December 31, 2022 as a stand alone company"; (ii) Independent's implied terminal value; and (iii) the inputs and assumptions underlying the discount rates used by KBW in the analysis.

38.     With respect to KBW's *Financial Impact Analysis*, the Prospectus fails to disclose: (i) the closing balance sheet estimates for Independent and Guaranty; and (ii) Independent's estimated tangible book value per share.

39.     With respect to KBW's *Guaranty Selected Companies Analysis*, the Prospectus fails to disclose the individual multiples and financial metrics for the companies observed by KBW in the analysis.

40.     With respect to KBW's *Independent Selected Companies Analysis*, the Prospectus fails to disclose the individual multiples and financial metrics for the companies observed by KBW in the analysis.

41.     With respect to KBW's *Selected Transactions Analysis*, the Prospectus fails to disclose the individual multiples and financial metrics for the transactions observed by KBW in the analysis.

42.    When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.  Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

43.    The Prospectus also fails to disclose whether the Company entered into any nondisclosure agreements that contained standstill and/or "don't ask, don't waive" provisions that are or were preventing the counterparties from submitting superior offers to acquire the Company.

44.    Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

45.    The omission of the above-referenced material information renders the Prospectus false and misleading, including, *inter alia*, the following sections of the Prospectus: (i) Background of the Merger; (ii) Recommendation of the Guaranty Board and Its Reasons for the Merger; (iii) Opinion of Guaranty's Financial Advisor; and (iv) Certain Independent and Guaranty Unaudited Prospective Financial Information.

46.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated
Thereunder Against the Individual Defendants and Guaranty**

47.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.     The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Guaranty is liable as the issuer of these statements.

49.     The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

50.     The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

51.     The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

52.     The Prospectus is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54.     Because of the false and misleading statements in the Prospectus, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Independent**

55.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56.     The Individual Defendants and Independent acted as controlling persons of Guaranty within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Guaranty and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57.     Each of the Individual Defendants and Independent was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Prospectus.

59.     Independent also had direct supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

60.     By virtue of the foregoing, the Individual Defendants and Independent violated Section 20(a) of the 1934 Act.

61.     As set forth above, the Individual Defendants and Independent had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: August 22, 2018                          **CODY-HOPKINS LAW FIRM**

                                                By:   _sKaren Cody-Hopkins_____
                                                      Karen Cody-Hopkins #35367
                                                      4610 S. Ulster Street
                                                      Denver, CO 80237
                                                      T:(303) 221-4666
                                                      F: (303-221-4374
                                                      E: karen@codyhopkinslaw.com

                                                      *Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800